UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL E. WHARTON,<br><br>                    Plaintiff,<br>     v.<br><br>AZENTA INC.,<br><br>                    Defendant. | CASE NO. 3:23-cv-05863-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 8) |

This matter comes before the Court on Defendant's motion to dismiss. (Dkt. No. 8.) For the reasons discussed herein, Defendant's motion is GRANTED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a 63 year old male, was hired by Azenta Life Sciences on February 27, 2012. (Dkt. No. 1 at 2.) On April 13, 2021, Plaintiff was injured at work and opened a worker's compensation claim[1] with the Washington Department of Labor and Industries ("DLI"). (*Id.*)

---

[1] Plaintiff's complaint does not specify precisely when he filed his worker's compensation claim, but the language of the complaint appears to imply the claim was filed the same day he was injured.

1 Plaintiff's DLI claim remains open. (*Id.*) Plaintiff took time off due to this injury, but was ultimately able to return to work with limitations. (*Id.*) Plaintiff alleges "several people" asked him "more than once" when he was planning to retire. (*Id.*) Plaintiff contends this question was never asked of younger employees. (*Id.*) On February 6, 2023, Plaintiff was "unceremoniously dismissed from employment under the guise of a lay-off." (*Id.*) Plaintiff contends many employees with the same job title and duties were not laid off. (*Id.*)

On September 21, 2023, Plaintiff filed a complaint in this Court. (Dkt. No. 1.) Plaintiff asserts claims for: 1) Retaliation, 2) Wrongful Termination in Violation of Public Policy, 3) Age Discrimination under the Washington Law Against Discrimination ("WLAD"), 4) Disability Discrimination under WLAD, and 5) Negligent Infliction of Emotional Distress. (*Id.* at 2–3.)

On October 23, 2023, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.)

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded factual allegations and construe the allegations in favor of the non-moving party. *See Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). The Court need not, however, assume the truth of conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

### III.  DISCUSSION

**A.  Retaliation**

To state a claim for retaliation under Washington law, a plaintiff must make a prima facie case showing: (1) the employee took a statutorily protected action, (2) the employee suffered an adverse employment action, and (3) a causal link between the employee's protected activity and the adverse employment action. *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018).

Defendant contends Plaintiff's complaint fails to plead a retaliation claim because it does not allege a causal connection between the filing of his DLI claim in 2021 and his termination in 2023. (Dkt. No. 8 at 3–4.)

First, Plaintiff's complaint contains no facts concerning whether his employer was aware of his DLI claim before he was terminated. "Because retaliation is an intentional act, an employer cannot retaliate against an employee for an action of which the employer is unaware." *Cornwell*, 430 P.3d at 235–236. A decision maker must have actual knowledge that an employee took a protected action in order to prove a causal connection. *Id.* at 236. The only allegation in Plaintiff's complaint concerning Defendant's knowledge of his DLI claim is that Defendant failed to respond to DLI's inquiries concerning whether Defendant would continue to pay Plaintiff's medical insurance premiums *after* he was terminated. (Dkt. No. 1 at 2.)

1     Second, Plaintiff's complaint contains no facts concerning the causal link between Plaintiff's DLI claim and his termination. It states only in conclusory form, "Plaintiff was terminated in retaliation of exercising his rights and in violation of his statutory rights." (*Id*. at 2.) There are no facts identifying that Defendant took action against Plaintiff because of Plaintiff's DLI claim. To the extent Plaintiff's complaint alleges the temporal proximity between his DLI claim and his termination pleads a causal link, the nearly two year gap between the filing of his DLI claim and his termination is insufficient to state a claim. Cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–274 (2001); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1068 (9th Cir. 2002) (Gap of ten months between the protected action and the termination did not give rise to an inference of causation.)

    Accordingly, Plaintiff has failed to state a claim for retaliation.

    **B. Wrongful Discharge in Violation of Public Policy**

    In Washington, "[a]n employer may discharge an at-will employee for 'no cause, good cause or even cause morally wrong without fear of liability.'" *Roe v. TeleTech Customer Care Mgmt. (Colo.) LLC*, 257 P.3d 586, 594–595 (Wash. 2011) (quoting *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1085 (Wash. 1984)). However, a narrow exception to the at-will employment doctrine prohibits an employer from terminating an employee "for reasons that contravene a clear mandate of public policy." *Martin v. Gonzaga Univ.*, 425 P.3d 837, 842–843 (Wash. 2018) (quoting *Thompson*, 685 P.2d at 1089).

The tort for wrongful discharge in violation of public policy has generally been limited to four scenarios: "(1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistle-blowing." *Gardner v. Loomis Armored, Inc.*, 913 P.2d 377, 379 (Wash. 1996) (citing *Dicomes v. State,* 782 P.2d 1002, 1006–1007 (Wash. 1989)).

If an employee's public policy tort action falls into one of the four *Dicomes* categories, the employee establishes a prima facie case of wrongful discharge in violation of public policy by showing: (1) that the discharge may have been motivated by reasons that contravene a clear mandate of public policy; and (2) that the public policy linked conduct was a "significant factor" in the decision to discharge the worker. *Martin,* 425 P.3d at 725–726 (internal citations omitted).

Plaintiff's complaint does not specify which of the four *Dicomes* categories applies here; he merely alleges he was fired for "engaging in statutorily protected conduct." (Dkt. No. 1 at 2.) The only statutorily protected conduct mentioned in Plaintiff's complaint in his filing of a worker's compensation claim with DLI. However, Plaintiff's complaint contains no facts indicating Defendants may have fired him for filing his DLI claim, and does not contain any facts concerning a causal connection, even a circumstantial one, between his DLI claim and his termination. There simply are no facts alleged supporting the conclusion that the DLI claim was a significant factor in the decision to discharge Plaintiff.

Accordingly, Plaintiff has failed to state a claim for wrongful discharge in violation of public policy.

**C.  WLAD - Age Discrimination**

To establish a prima facie case of age discrimination under WLAD, a plaintiff must show: (1) he was within a statutorily protected class, (2) he was discharged by the defendant, (3) he was doing satisfactory work, and (4) after his discharge, the position remained open and the employer continued to seek applicants with qualifications similar to the plaintiff.  *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 470 (Wash. 2017).

Plaintiff's complaint adequately pleads the first three elements of an age discrimination claim.  Plaintiff alleges he was within a statutorily protected class (individuals between the ages 40 and 70), that he was discharged by Defendant, and that prior to his discharge he was a "valued employee" providing "exemplary service." (Dkt. No. 1 at 2.)  With respect to the final element, Plaintiff contends other employees with the same job title and responsibilities were not laid off.  (*Id.*)  However, Plaintiff has not set forth any facts indicating his position remained open and Defendant continued to seek applicants with similar qualifications.  (*Id.*)  The only fact in Plaintiff's complaint concerning age discrimination is the allegation that uncertain unidentified individuals asked him when he was planning to retire.  (*Id.*)

As such, Plaintiff has not stated a claim with respect to age discrimination under WLAD.

**D.  WLAD – Disability Discrimination**

To establish a prima facie case of disparate treatment based on disability under WLAD, a plaintiff must show he was: (1) disabled, (2) subject to an adverse employment action, (3) doing satisfactory work, and (4) discharged under circumstances that raise a reasonable inference of unlawful discrimination.  *Brownfield v. City of Yakima*, 316 P.3d 520, 533 (Wash. Ct. App. 2014).  In addition, "the prohibition against discrimination because of such disability shall not

apply if the particular disability prevents the proper performance of the particular worker involved[.]" Wash. Rev. Code § 49.60.180.

Plaintiff's complaint does not set forth facts describing his disability or how such disability did not prevent him from performing his employment. Plaintiff merely makes the conclusory allegation that he was discharged "because of his medical disability" (Dkt. No. 1 at 3) without any facts identifying circumstances supporting a reasonable inference of disability discrimination. Moreover, for the reasons discussed above, the temporal proximity between Plaintiff's work injury and his termination, nearly two years, is insufficient to raise a reasonable inference of disability discrimination.

Accordingly, Plaintiff has failed to state a discrimination claim based on disability under WLAD.

### E.  Negligent Infliction of Emotional Distress

In Washington, to state a claim for negligent infliction of emotional distress, a plaintiff must prove duty, breach, proximate cause, damage, and "objective symptomatology." *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 205 (Wash. 2014) (internal citations omitted). To maintain an action for negligent infliction of emotional distress, a plaintiff's distress must be "susceptible to medical diagnosis and prov[able] through medical evidence." *Id.*

Plaintiff's complaint alleges Defendant negligently inflicted emotional distress upon him and that he suffered "severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety." (Dkt. No. 1 at 3–4.) Plaintiff's conclusory allegations of emotional distress are insufficient to state a claim. "At the pleading stage, bare and conclusory allegations of emotional distress unsupported by factual detail are merely a "formulaic recitation of the elements of a cause of action" and are "wholly insufficient

to state a claim." *Horman v. Sunbelt Rentals Inc.*, Case No. C20-564 TSZ, 2020 WL 4366185, at *7 (W.D. Wash. July 30, 2020) (internal citations and quotations omitted).

Plaintiff has also failed to plead any facts indicating his distress is susceptible to medical diagnosis and provable through medical evidence. *Wright v. N. Am. Terrazo*, Case No. C12-2065JLR, 2013 WL 441517, at *5 (W.D. Wash. Feb. 5, 2013) (plaintiff's allegation of "severe emotional distress, inconvenience, pain and suffering, humiliation, anxiety, loss of enjoyment of life, [and] loss of self respect" was insufficient to plead a cause of action for negligent infliction of emotional distress in the absence of medical diagnosis or objective symptomology).

Defendant contends Plaintiff's negligent infliction of emotional distress claim should also be dismissed as duplicative of his wrongful discharge claim. (Dkt. No. 8 at 8–9.) "[W]hen brought alongside a discrimination claim, a separate claim for emotional distress is not compensable when the allegations supporting the emotional distress claim are the same as those underlying the discrimination claim." *Palpallatoc v. Boeing Co.*, Case No. 3:22-cv-5728-BJR, 2023 WL 2161415 at *3 (W.D. Wash. Feb. 22, 2023), citing *Chea v. Men's Wearhouse, Inc.,* 932 P.2d 1261 (Wash. Ct. App. 1997). "However, when a plaintiff alleges that non-discriminatory conduct caused separate emotional injuries, he or she may maintain a separate claim for negligent infliction of emotional distress." *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1192 (Wash. Ct. App. 2000).

To the extent Plaintiff's claim for negligent infliction of emotional distress stems from the same conduct as his discrimination claims, he cannot maintain this cause of action.

Accordingly, Plaintiff has failed to state a claim for negligent infliction of emotional distress.

**F. Damages Under Washington Wage Statutes**

As part of his prayer for relief, Plaintiff identifies specific chapters of Washington's Revised Code that Plaintiff believes allow for an award of statutory costs and attorney fees. (Dkt. No. 1 at 4.)  Defendant asserts "Plaintiff's request for damages under Washington wage statutes must be dismissed." (Dkt. No. 8 at 9.)

"The weight of authority provides that because a prayer for relief sets forth a *remedy* and not *a claim*, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not the proper vehicle for striking a prayer for relief." *Jackson v. McMahon*, Case No. EDCV 19-0548 SVW (PVC), 2020 WL 2200447, at *6 (C.D. Cal. Mar. 11, 2020), report and recommendation adopted, 2020 WL 3977939 (C.D. Cal. Jul. 14, 2020)  (collecting cases).

Defendant's motion raises significant questions as to Plaintiff's ability to claim statutory costs and attorney fees under particular state statutes.  The Court, however, declines to rule on Defendant's specific request because the present motion is not the proper vehicle to consider such a request.  Moreover, in granting Defendant's motion to dismiss the claims as asserted, Plaintiff's prayer for relief is effectively mooted for now.

**G.  Leave to Amend**

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Association v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014). Because the Court believes the Complaint may possibly be cured by allegations of other facts, Plaintiff is granted leave to amend to attempt to address the deficiencies identified herein.

## IV.   ORDER

Defendant's motion to dismiss (Dkt. No. 8) is GRANTED.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff shall have until **April 2, 2024** to file an amended complaint that addresses the deficiencies identified herein.  If an amended complaint is not filed by this deadline, the Court will enter an order dismissing the complaint with prejudice.

Dated this 21st day of March, 2024.

David G. Estudillo
United States District Judge