UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL E. WHARTON,<br><br>            Plaintiff,<br><br>    v.<br><br>AZENTA INC.,<br><br>            Defendant. | CASE NO. 3:23-cv-05863-DGE<br><br>ORDER ON MOTION TO SEAL FIRST AMENDED COMPLAINT (DKT. NO. 24) |

## I      INTRODUCTION

Defendant Azenta, Inc. moves to seal Plaintiff's First Amended Complaint ("FAC") (Dkt. No. 18). (Dkt. No. 24.) Plaintiff Mitchell Wharton opposes the motion. (Dkt. No. 28.) For the reasons below, the Court DENIES the motion.

## II      LEGAL STANDARD

The Court "start[s] with a strong presumption in favor of access to court records." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal citation and quotation omitted). A party seeking to seal a document must provide an explanation of (1) "the legitimate private or public interests that warrant the relief sought," (2) "the injury that will result

if the relief sought is not granted," and (3) "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

The precise standard a court will apply in assessing a motion to seal turns on the nature of the document at issue. Most commonly, "a party must show 'compelling reasons'" in favor of sealing. *Center for Auto Safety*, 809 F.3d at 1095. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1096–97 (internal citation and quotation omitted) (cleaned up). The mere fact that disclosure "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit has "carved out an exception" for instances in which a party seeks to seal "materials attached to a discovery motion unrelated to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1097. In such cases, the "party need only satisfy the less exacting 'good cause' standard," which requires a "showing [of] specific prejudice or harm" that will result if the motion is not granted. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Though less exacting, a party seeking to seal under the "good cause" standard may not rely on "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *1 (N.D. Cal. Feb. 25, 2022) (internal citation and quotation omitted).

At times, the Ninth Circuit has "deployed the terms 'dispositive' and 'non-dispositive'" to determine whether the "good cause" or "compelling reasons" standard applies. *Center for*

*Auto Safety*, 809 F.3d at 1097; *see also Kamakana*, 447 F.3d at 1180 (explaining that "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must" provide "compelling reasons," whereas "good cause . . . will suffice to keep sealed records attached to non-dispositive motions").  However, courts must not rely on a mechanical application of these terms, as the focus in deciding the applicable standard is "on whether the [document a party seeks to seal] is more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101.

### III    DISCUSSION

Defendant moves to seal Plaintiff's FAC (Dkt. No. 18) on the basis that paragraph 27 includes statements allegedly made by Defendant's Senior Counsel during settlement negotiations.  (Dkt. No. 24 at 2.)  Defendant argues the inclusion of the statements violates the policy underlying Federal Rule of Evidence 408 (*id.* at 4–6), which precludes a party from admitting into evidence statements made about a claim during settlement negotiations for the purpose of proving the validity of the claim.  Fed. R. Evid. 408(a)(2).  Defendant also argues that allowing the FAC to remain public could harm Defendant as "potential jurors may become prejudiced against Defendant."  (Dkt. No. 24 at 6.)

Plaintiff asks the Court to deny Defendant's motion on the grounds that Rule 408 concerns the admissibility of evidence and does not provide for the sealing of records.  (Dkt. No. 28 at 3.)  Plaintiff also contends Defendant fails to provide sufficient facts that would allow the Court to conclude a specific, non-speculative harm would result from continued disclosure of the allegation.  (*Id.* at 5.)

As a preliminary matter, the Court finds insufficient the parties' briefing on whether the "good cause" or "compelling reasons" standard applies to Defendant's motion.  Defendant

argues the "good cause" standard should apply because the document Defendant seeks to seal—a complaint—"w[as] not filed in conjunction with a dispositive motion." (Dkt. No. 24 at 5.) Plaintiff does not directly address the question other than to seemingly assume the more stringent "compelling reasons" standard applies. (*See* Dkt. No. 28 at 2–3.)

Defendant is correct that motions to seal documents attached to non-dispositive motions have been assessed under the less-demanding "good cause" standard, while motions to seal documents attached to dispositive motions have been assessed under the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180. However, Defendant overlooks the Ninth Circuit's instruction against relying mechanically on the distinction between dispositive and non-dispositive motions at the expense of focusing on whether a given document "is more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. As "[m]ost litigation in a case is not literally 'dispositive,'" only "apply[ing] the compelling reasons test to the narrow category of 'dispositive motions'" that bring about a final determination on a claim would "go[] against . . . precedent [which] presumes that the compelling reasons standard applies to *most* judicial records." *Id.* at 1098 (internal citations and quotations omitted) (emphasis in original). To this end, the Court is not convinced that the "good cause" standard applies to a complaint—even if inoperative—which is not attached to any motion, dispositive or non-dispositive, but is inherently tied to the merits of the case.

Nonetheless, the Court need not definitively decide whether the "good cause" or "compelling reasons" standard applies to an inoperative complaint, as Defendant does not satisfy the less demanding "good cause" standard. Specifically, Defendant fails to identify specific prejudice or harm that would result from disclosure. *Kamakana*, 447 F.3d at 1186; *see also* LCR 5(g)(3)(B)(ii) (requiring a motion to seal to provide a "specific statement" of "the injury that will

ORDER ON MOTION TO SEAL FIRST AMENDED COMPLAINT (DKT. NO. 24) - 4

result if the relief sought is not granted"). The only harm proposed by Defendant is that "potential jurors may become prejudiced against Defendant" if the "purported statements . . . remain[] public." (Dkt. No. 24 at 6.) But this harm is easily mitigated by voir dire. The Court is left, then, with Defendant's broader argument that settlement communications warrant protection, generally. (*Id.* at 5–6.) But this is not a particularized harm and therefore does not justify Defendant's motion to seal. *See Arebalo*, 2022 WL 580865, at *1 (broad allegations of harm are insufficient to show good cause).

Other courts have reached similar conclusions by explaining, for example, that "Rule 408 does not provide an independent ground for sealing a judicial record." *Liberty Dialysis – Hawaii LLC v. Kaiser Found. Hospitals*, 2020 WL 13543769, at *2 (D. Haw. Feb. 27, 2020) (internal citation and quotation omitted); *see also Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *9 (W.D. Wash. Feb. 16, 2018) (finding that "[t]he fact that [] settlement agreements are confidential is not a sufficient basis for sealing," particularly absent a specific "injury [that] will result if [the agreements are not sealed]"); *Bofi Fed. Bank v. Erhart*, 2016 WL 4595536, at *3 (S.D. Cal. June 22, 2016) (declining to seal a document containing settlement communications because "the fact that a document may not be admitted into evidence in of itself does not constitute good cause for placing the document under seal"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010) (declining to strike allegations in complaint under Rule 408 because "[d]isputes over Rule 408 should be resolved as evidentiary matters with motions in limine"). And while some district courts have granted motions to seal settlement communications (*see* Dkt. No. 24 at 4–5), the Court declines to extract from these cases a rule in which harm is automatically assumed whenever settlement communications are placed into the record. Indeed, the policy underlying Rule 408 would not

justify such a sweeping proposition, as Rule 408 "by its own terms[] is one of limited applicability." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007).

### IV   CONCLUSION

Although the Court questions the decision to include the alleged statement of Defendant's Senior Counsel in Plaintiff's First Amended Complaint, the Court does not find good cause or compelling reasons for sealing the pleading. Defendant's motion is DENIED. (Dkt. No. 24.) Recognizing district courts are divided as to the appropriateness of sealing settlement communications, the Court rejects Plaintiff's request for attorney fees. (Dkt. No. 28 at 6.)

Dated this 8th day of July 2024.

David G. Estudillo
United States District Judge